**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>J.B.J. MANAGEMENT LLC,<br><br>Defendant. | Civil Action No. 20-1052 (CCC)<br><br>OPINION |

**CECCHI**, District Judge.

Presently before the Court is Plaintiffs'[1] motion for default judgment. ECF No. 8. Defendant J.B.J. Management LLC ("Defendant") has not appeared in this case or otherwise responded to this motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Plaintiffs' motion for default judgment.

**I.     BACKGROUND**

Plaintiffs are the employer and employee trustees of labor-management trust funds (the "Trustees"), the labor management funds themselves (the "Funds"), and a union labor organization

---

[1] "Plaintiffs" refers collectively to the following entities: (1) Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, (2) Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund, (3) Trustees of Painters District Council 711 Finishing Trades Institute, (4) International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, (5) International Union of Painters and Allied Trades District Council 711 Vacation Fund, (6) Painters District Council 711 Finishing Trades Institute, and (7) International Union of Painters and Allied Trades District Council 711.

(the "Union"). ECF No. 1 at 3–4. Defendant is an employer with a principal place of business at 138 Beacon Avenue, Jersey City, New Jersey 07306. Id. at 5. Plaintiffs assert that Defendant was a party to, or agreed to abide by, collective bargaining agreements ("CBAs") and trust agreements ("Trust Agreements") and that Defendant has breached said CBAs and Trust Agreements by failing to make required payments and failing to allow Plaintiffs to perform an audit of Defendants' records.

Plaintiffs initiated this action on January 30, 2020 by filing a six-count complaint (the "Complaint"). ECF No. 1. The Complaint asserts that the Court has subject matter jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA"). Id. at 2. Plaintiffs served the summons and Complaint upon Defendant on March 4, 2020 and Defendant failed to answer or otherwise respond by the deadline of March 25, 2020. ECF No. 5. Plaintiffs thereafter moved for entry of default (ECF No. 6) and the Clerk of the Court entered default against Defendant for failure to plead or otherwise defend on April 1, 2020. Plaintiffs now move for default judgment seeking $30,027.60 in unpaid contributions, interest, liquidated damages, and attorney's fees and costs, and an order directing Defendant to submit to a payroll audit. ECF No. 8-2 at 1–2.

II.     **MOTION FOR DEFAULT JUDGMENT**

   A. **Entitlement to Default Judgment**

      1. Legal Standard

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once

the Clerk enters default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b). Here, the Clerk has entered default, and so the Court will address Plaintiffs' motion on the merits.

In order to award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiffs would suffer prejudice if the default judgment were denied; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's own culpable conduct caused his delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (including a fourth factor, "the effectiveness of alternative sanctions"). In making these findings, factual allegations in the complaint will be taken as true, except for those relating to the amount of damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin,* 908 F.3d 1142, 1149 (3d Cir. 1990)). "Default judgment is inappropriate, even where defendant[ has] failed to appear, unless the plaintiff[s have] provided well pleaded facts sufficient to establish a claim." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

2. Application

As an initial matter, the Court finds that Plaintiffs have clearly established a cause of action under both ERISA and LMRA. Plaintiffs allege that Defendant has "failed to remit or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, April 1, 2019 through May 31, 2019." ECF No. 1 at 6. Plaintiffs also allege that Defendant has failed to remit dues check-offs for the period including, but not limited to, April 1, 2019 through May 31, 2019. Id. at 8. Plaintiffs further allege that Defendant "is required by the controlling CBA(s), Trust Agreements, plan documents of the ERISA Funds and

3

applicable federal law to permit the Funds to audit their records," but that Defendant has refused to allow such an audit to take place. Id. at 9.

Plaintiffs may sue under ERISA sections 515 and 502(g)(2), which provide a federal remedy to collect delinquent employer pension plan contributions. *See* 29 U.S.C. §§ 1145, 1132(g)(2). Under ERISA section 515, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of the plan or such agreement." 29 U.S.C. § 1145. If an employer fails to make contributions to an employee benefit fund as required by the CBAs and ERISA section 515, the employer is subject to ERISA section 502(g)(2). This section is the civil enforcement provision of ERISA, providing for recovery of unpaid contributions, interest, liquidated damages, reasonable attorney's fees and costs, and such other relief as the Court deems appropriate. 29 U.S.C. § 1132(g)(2). The Court finds that the Complaint alleges sufficient facts to support its claims under ERISA sections 515 and 502(g)(2).

LMRA section 301, the original jurisdiction and substantive basis for suits to collect delinquent benefit fund contributions in federal court, provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185. Because Plaintiffs are employee benefit trust funds and trustees, Plaintiffs have standing to sue under 29 U.S.C. § 185(a). ECF No. 1 at 4; *Schneider v. Moving & Storage Co. v. Robbins*, 466 U.S. 370, 370–71 (1984) (recognizing that employee benefit trustees are third-party

beneficiaries of collective bargaining agreements). The Court also finds that the Complaint alleges sufficient facts to support its claims under LMRA section 301. *See* 29 U.S.C. 185.

With respect to the additional factors articulated above that the Court must consider in order to grant a default judgment, the Court finds that Plaintiffs have been harmed by not receiving payment or being allowed to audit Defendant's records, and that Plaintiffs will have no other means of vindicating their claims against Defendant absent default judgment. Therefore, Plaintiffs will suffer prejudice without default judgment. It is self-evident that the Court cannot consider any defenses because Defendant has failed to appear or otherwise respond in this action. *See Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether [it] has any litigable defenses."). Finally, Defendant's delay appears to be the result of culpable conduct considering Plaintiffs effected service on March 4, 2020 (ECF No. 5), but Defendant has not appeared or otherwise responded since. Accordingly, in light of these factors, the Court finds the entry of default judgment to be appropriate.

### B. Damages

In support of its motion, Plaintiffs have submitted an affidavit by their attorney explaining the calculation of Defendant's liability as $30,027.60. See 8-1 at 6.

Pursuant to Section 1132(g) of ERISA, Plaintiffs are entitled to (1) the full amount of unpaid contributions; (2) interest on the unpaid contributions; (3) the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent; (4) reasonable attorneys' fees and costs of the action, and (5) other such legal or equitable relief as the Court deems appropriate. 29 U.S.C. § 1132(g)(2). Section 1132(g) also

provides that interest on unpaid contributions shall be determined by using the rate specified by the plan, or, if none, the rate prescribed by the IRS. Id.

### (1) Unpaid Contributions

Here, the unpaid contributions for the period of April 1, 2019 through May 31, 2019 amount to $21,822.15. ECF No. 8-1 at 3.

### (2) Interest

The Policy for Collection of Delinquent Contributions, agreed to by the parties, provides that interest accrues at the rate of 2% above prime. Id. at 4. Plaintiffs calculated this would be $1,650.27 for Defendant's failure to remit contributions for the period of April 1, 2019 through May 31, 2019. Id.

### (3) Liquidated Damages

Regarding liquidated damages, pursuant to section 1132(g)(2)(C) Plaintiffs are owed liquidated damages in the amount equal to 20% of the contribution. The liquidated damages for the unpaid contributions between April 1, 2019 through May 31, 2019 is $4,364.43. ECF No. 8-1 at 4. As the liquidated damages amount is greater than the interest due, pursuant to Section 1132(g)(2)(C), liquidated damages are awarded in addition to interest.

### (4) Attorney's Fees and Costs

Under section 1132(g), Plaintiffs are entitled to reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs assert that their attorney's fees and costs total $2,190.75 (consisting of $1,708 in attorney's fees and $482.75 in costs). Plaintiffs based their calculations on a rate of $175 per hour for attorneys and $70.00 for paralegals, which the Court finds reasonable in light of the prevailing market rates in the community. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court also finds that the number of hours billed is reasonable in light of

the work required in this case. Therefore, under the lodestar approach, the attorney's fees and costs are reasonable. *See Hahnemann Univ. Hosp. v. All Shore Inc.*, 514 F.3d 300, 310 (3d Cir. 2008).

Adding together the sums for unpaid contributions, interest, liquidated damages, and attorney's fees and costs, Plaintiffs' damages currently total $30,027.60. Additionally, Defendant is ordered to submit to a payroll audit by producing all necessary payroll information to Plaintiffs within thirty (30) days of the date of this Opinion. Upon completion of the audit, Plaintiffs shall advise Defendant of any additional amounts found to be due and owing, including contributions as well as interest and liquidated damages pursuant to 29 U.S.C. §1132(g). Within ten (10) days of receiving the results of the audit, Defendant shall remit to Plaintiffs all amounts due and owing to Plaintiffs thereunder. Should Defendant fail to remit any additional payment due pursuant to the payroll audit, Plaintiffs shall submit a petition to this Court for judgment to be entered against Defendant for all contributions, interest and liquidated damages then due and owing, together with an application for fees and costs.

### III.   CONCLUSION

For the aforementioned reasons, the Court grants Plaintiffs' motion for default judgment (ECF No. 8). Specifically, the Court awards Plaintiff an amount of $30,027.60 in unpaid contributions, interest, liquidated damages, and attorney's fees and costs. Additionally, Defendant shall submit to a payroll audit by producing all necessary payroll information to Plaintiffs within thirty (30) days of the date of this Opinion. An appropriate Order follows this Opinion.

Date: April 27, 2021

                                                 **CLAIRE C. CECCHI, U.S.D.J.**